IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO                              *
      Plaintiff,
v.                                          *    CIVIL ACTION NO. RDB-10-1405

KING CASTLE HOTEL, et al.                   *
      Defendants.

## MEMORANDUM OPINION

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor," "Assistant Attorney General" for the State of Maryland," "U.S. Solicitor General" and Department of Justice employee, filed this 28 U.S.C. § 1332 action on May 28, 2010, naming King Castle Hotel and Pen Mar Therapeutic Center of El Motel, California. His statement of facts alleges that:

> "Defendants have imposed death penalty on me and they are torture me daily even though they know that the law is against their action."

Paper No. 1 at 2.

In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00 and court order to stop the "hourly order of my death penalty" and "illegal gunfire on me." He further asks that life imprisonment and the death penalty be imposed on the named Defendants.[1] Although

---

[1] Accompanying the Complaint is an Addendum which cites to federal and California criminal code provisions, along with the Convention Against Torture. Plaintiff accuses the King Castle Hotel, Los Angeles Police Department, and Penn Mar Therapeutic Center of "genocide." Also attached is an arrest warrant for over 80 individuals from Maryland, Texas, California, and Nigeria, including government officials from Maryland, police officers from California and a Maryland federal court judge. Paper No. 1 at Attachments.

Plaintiff's indigency application contains information the court finds questionable, he shall be granted leave to proceed *in forma pauperis*.[2]

This Court may preliminarily review the Complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* Complaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. The Complaint allegations are incredible. The matter shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: June 7, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at four separate banks. Paper No. 2.

2